# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1659V
### Filed: February 8, 2021

| | | |
|---|---|---|
| JORDAN BRIGGS, | * | TO BE PUBLISHED |
| Petitioner, | * | |
| v. | * | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Dismissal of Petition; Timeliness of Filing; Vaccine Act. |
| Respondent. | * | |

*Jordan Briggs*, *pro se,* Garland, TX
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION DISMISSING PETITION[1]

On October 25, 2019, Jordan Briggs ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a shoulder injury related to vaccine administration ("SIRVA") from the influenza vaccine she received on October 17, 2016. Pet. at 1, ECF No. 1.

### I.  Summary of Medical Records

Petitioner was generally in good health prior to her allegedly causal vaccination. On October 17, 2016, Petitioner saw her primary care physician ("PCP"), Dr. Padminie (Pamela)

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Singh for plantar warts and high BMI. Ex. 2 at 1-4. Petitioner received the influenza vaccination during this appointment.³ On October 25, 2016, Petitioner returned to Dr. Singh complaining of musculoskeletal pain in her left arm. Ex. 2 at 5. Dr. Singh noted,

> Onset: sudden. Duration: more than 1 hour. Severity level is moderate. It occurs constantly and is fluctuating. Location: left arm. The pain is aggravated by movement. The pain is relieved by heat and ice. Associated symptoms include decreased mobility, difficulty initiating sleep, nocturnal awakening and nocturnal pain…. can move arm in front but she she [sic] pulls arm back is when it hurts and certain motions. [S]ymptoms occurred after receiving flu vaccine last week.

*Id.* Dr. Singh also noted that Petitioner was negative for numbness, tingling, bruising, and swelling. *Id.* at 5-6. Petitioner returned on Dr. Singh on October 31, 2016 for a fasting lab but left upper arm pain was noted. *Id.* at 10.

On November 11, 2016, Petitioner saw Dr. Duc Vo of Orthopedic & Sports Medicine Center for "pain left shoulder, neck, left upper arm and left elbow." Ex. 3 at 1. Dr. Vo recorded that the pain was "sharp, stabbing, aching and shooting" and the symptoms would come and go. *Id.* Dr. Vo also noted that the "symptoms have been present for [sic] Since oct 17" and onset was acute. *Id.* The records state the following:

> Got a flu shot at my visit in October. The shot seemed [sic] and hurt immediately after getting it, but I was told it was normal and it would go away. Continued to have pain during most movements over the next 24 hours and notified doctor…. Range of motion initially got a little better, but pain never fully went away and then began to increase that weekend and has continued to do so since.

*Id.* Dr. Vo diagnosed Petitioner as having a "flu shot into tendon cuff" and instructed her to use ice as treatment. *Id.* at 2.

On October 30, 2017, Petitioner obtained an x-ray of her left shoulder. Ex. 5 at 5. Dr. Robert Longenecker of Preferred Imaging analyzed the x-ray and found "articular margin osteophytic spurring at the inferior aspect of the glenoid" and "lateral downsloping of the acromion. Consideration for impingement syndrome." *Id.*

Petitioner had chiropractic visits at Thomas Pledger, D.C., on November 2, 6, 8, 10, 13, 15, 20, 27, 29, 2017, December 1, 4, 6, 14, 2017, and January 5, 10, 2018 for her left shoulder pain. Ex. 5 at 1-22. In the initial questionnaire, Petitioner indicated that her symptoms appeared "October 2016 after flu shot". *Id.* at 1. The records further note that Petitioner's shoulder pain "followed getting flu shot into tendon October 2016." *Id.* at 4, 11.

No other medical records were submitted.

---

³ The October 17, 2016 medical records do not show that an influenza vaccination was administered to Petitioner. *See* Ex. 2 at 1-4. However, the October 25, 2016 visit with Dr. Singh noted "symptoms occurred after receiving flu vaccine last week". Ex. 2 at 5.

2

## II. Procedural History

Petitioner initially mailed her petition to the Secretary of Health and Human Services on October 17, 2019. *See* ECF No. 4. The petition arrived at the Department of Health and Human Services ("HHS") on October 19, 2019 and was processed on October 22, 2019. *See id.* at 1. That same day, HHS sent a letter back to Petitioner informing her that she incorrectly sent the petition to them and that she instead must file her petition with the Court of Federal Claims. Upon receipt of the letter from HHS on October 23, 2019, Petitioner mailed her petition to this court the following day, on October 24, 2019, via overnight mail. *See id.* at 1-2.

On October 25, 2019, Ms. Briggs' petition and exhibits were received and filed in the Clerk's Office of the United States Court of Federal Claims. ECF No. 1.

The Clerk's office provided my chambers with the United States Postal Service Priority Mail envelope that Petitioner used to mail her petition to HHS on October 17, 2019. Court Ex. 1001. An internet search of the tracking information confirmed that Ms. Briggs mailed her petition to HHS on October 17, 2019 and that it was delivered on October 19, 2019. Court Ex. 1002.

On November 7, 2019, I held a status conference with the parties to discuss the timeliness of the petition as well as Petitioner's efforts to secure legal representation. Initial Order on 11/18/19, ECF No. 10. I directed Respondent to submit a brief regarding the timeliness of the petition. On November 18, 2019, I filed Court Exhibits 1001 and 1002 into the record.

Respondent submitted his brief on January 14, 2020. ECF No. 14. On February 7, 2020, I held another status conference with the parties. I requested that Respondent's counsel inquire as to whether his client was amenable to a litigative risk settlement. I also asked Petitioner to consider if she had been incapacitated in any way between her injury and the filing of her Petition. *See id.* Petitioner did not file any document indicating she had experienced any type of incapacitation.

On August 6, 2020, Respondent filed a status report stating he was not interested in engaging in settlement discussions and that he wished to proceed on a litigation track. ECF No. 27. On the same day, Respondent filed a Motion to Dismiss. ECF No. 28. Petitioner filed a Response to Respondent's Motion to Dismiss on September 30, 2020. ECF No. 31.

## III. Parties' Arguments

Respondent contends that the petition must be dismissed as untimely because Petitioner filed the petition more than 36 months after the date of the occurrence of the first symptom or manifestation of onset of her alleged vaccine-related injury. Mot. to Dismiss at 1, ECF No. 28.

Respondent notes that the Vaccine Rules specify that a paper is filed "by delivering it to the clerk" of the U.S. Court of Federal Claims and that "[a] document in paper form is filed when it is received and marked filed by the clerk, not when mailed." Mot. to Dismiss at 4; Vaccine Rules 17(b)(2), (b)(4)(A).

Respondent additionally argues that the doctrine of equitable tolling should not be applied in this case. Mot. to Dismiss at 4. The doctrine of equitable tolling should be used sparingly and only in "extraordinary circumstance[s]" which include instances of fraud, duress or a procedurally defective claim. *Id.* Respondent adds that a litigant seeking relief through equitable tolling bears the burden of establishing she pursued her rights diligently and that some extraordinary circumstances stood in her way. Mot. to Dismiss at 4; *Pace*, 544 U.S. at 418. In this case, Respondent argues that Petitioner has not demonstrated any extraordinary circumstances regarding the delayed filing of her claim. Mot. to Dismiss at 5. Respondent states that Petitioner mailed her petition on the day that the statute of limitations lapsed and there was no procedurally defective claim, even if Petitioner properly mailed her petition to the Court of Federal Claims. *Id*. at 5-6.

Petitioner responded to Respondent's motion to dismiss. She argues that she was informed her initial pain and discomfort was typical and that it would gradually subside. It was when the pain increased over the next few days that she considered it to be "abnormal". This induced her visit to Dr. Singh on October 25, 2016. Resp. to Mot. to Dismiss, ECF No. 31. Petitioner argues that I should consider when her injury was significantly aggravated, which was within 48 hours of the vaccination. *Id.* Petitioner requests that I recognize October 19, 2019, when her Petition was delivered to the HHS, as her filing date, and find that her Petition was timely. *Id.*

### IV.     Legal Standard

The statute of limitations, or the timeframe within which a person who has sustained a vaccine-related injury must file a claim, is outlined in § 16(a)(2) of the Vaccine Act:

> [I]f a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury ***after the expiration of 36 months*** after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury.

*Id.* § 300aa-16(a)(2) (emphasis added). The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis. *Carson v. Sec'y of Health & Hum. Servs.,* 727 F.3d 1365, 1369 (Fed. Cir. 2013).

Whether a petitioner knows the cause of his injury is not significant for purposes of the statute of limitations. *See Cloer v. Sec'y of Health & Hum. Servs.,* 654 F.3d 1322 (Fed. Cir. 2011).

The specifics regarding Vaccine Program filings are documented in the Vaccine Rules. The rules state that a paper petition is filed "by delivering it to the clerk at the address provided in Vaccine Rule 2."[4] Vaccine Rule 17(b)(2). The Rules further state that "A document in paper form is filed when it is received and marked filed by the clerk, not when mailed." Vaccine Rule 17(b)(4)(A).

---

[4] This address is listed in Rule 2 as follows:
Clerk
United States Court of Federal Claims
717 Madison Place, NW
Washington, DC 20439

In *Cloer,* the United States Court of Appeals for the Federal Circuit reiterated the Vaccine Program's 36-month statute of limitations. *Id.* In doing so, the court recognized that equitable tolling, an extension of the three-year limit, can be applied in vaccine cases under very rare and extraordinary circumstances, for example, those involving fraud or duress. *Id.* The court cited *Pace v. DiGuglielmo* for the proposition that "equitable tolling requires a litigant to have diligently pursued his rights, but that 'some extraordinary circumstances stood in his way.'" *Id.* at 1344, quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). The court also cited to *Irwin v. Department of Veterans Affairs*, noting that "equitable tolling is to be used "sparingly" in federal cases and has been limited to cases involving deception or the timely filing of a procedurally defective pleading". 498 U.S. 89 (1990).

V. **Discussion**

Petitioner received her flu vaccine on October 17, 2016. The medical records filed in this case indicate that "the first symptom or manifestation of onset" occurred that same day. The records from the visit with Dr. Vo specifically note that symptoms had been present since October 17 and that onset was acute. Ex. 3 at 1. These records further state that Petitioner "[c]ontinued to have pain during most movements over the next 24 hours and notified doctor…." *Id.* This notation further establishes that Petitioner's pain began on October 17 and persisted throughout that day and into the 18th. Under the Vaccine Act, Petitioner was required to file her petition within 36 months of October 17, 2016. 42 U.S.C. § 300aa-16(a)(2). The petition in this case was originally mailed (not to the Clerk, but to HHS) on October 17, 2019 and was received by HHS on October 19, 2019. *See* Court Exs. 1001 and 1002. HHS then mailed the document back to her. Petitioner received her petition back in the mail and mailed it to the Clerk of Court on October 24, 2019. ECF No. 1-7. The petition arrived on October 25, 2019 and was marked filed that same day. *See* ECF No. 1-7; Pet. As a result, pursuant to Vaccine Rule 17, the petition was filed on October 25, 2019; this date is outside of the statute of limitations.[5]

No evidence has been presented which suggests that the application of the equitable tolling doctrine is appropriate in this case. There is no indication that any type of fraud or duress occurred which prevented Petitioner from bringing her claim. Further, there is no indication in the record that Petitioner "diligently pursued h[er] rights, but that 'some extraordinary circumstances stood in h[er] way.'" *Pace v. DiGuglielmo*, 544 U.S. at 418.

VI. **Conclusion**

The petition in this case was filed more than 36 months after the first symptom or manifestation of onset.

As such, **IT IS ORDERED THAT**,

Respondent's Motion to Dismiss is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

---

[5] This decision does not address whether Petitioner's act of mailing her petition to HHS constitutes a defective filing. Because the petition was received by HHS on October 19, 2019, it was still received past Petitioner's filing deadline and outside of the statute of limitations.

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
